IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JALON D. JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-696-MHT |
| | ) [WO] |
| BEN A. FULLER, *et al.*, | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jalon Jackson, an inmate incarcerated at the Autauga County Metro Jail in Prattville, Alabama, files this 42 U.S.C. § 1983 action against Judge Ben Fuller, Sheriff Joe Sedinger, Trey Norman III, and Larry Nixon. Jackson challenges his detention in the county jail, claiming that he has remained incarcerated for over a year on civil, not criminal, cases and requests that the cases be dismissed. Doc. 1. Upon review, the court concludes that the dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Jackson's complaint is sparse. A review of the complaint reflects that the date on which the violation about which Jackson complains occurred on May 7, 2018. He further indicates that he is being detained "for cases over a year ago," which violates his constitutional rights and "[t]he time of this was around March 23, 2014," at his grandmother's house, [and] the "people . . . involved included the Prattville Police Drug Task Force Detective Hamm." Doc. 1 at 2–3. As noted above, Jackson claims that he is incarcerated on civil cases.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The court takes judicial notice of the Alabama Trial Court System's records (hosted at www.alacourt.com), *see Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System."), which reflect that Jackson was arrested on May 7, 2018 for a drug charge and a charge of receiving stolen property in the third degree. *Alabama v. Jalon D. Jackson,* CC-2018-000173.00. Under federal law, this court must refrain from taking action to interfere with these pending charges.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44–45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (*citing Younger*, 401 U.S. at 37). *Younger*, therefore, directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43–45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges.

2

*Middlesex Cnty. Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present. First, Jackson is awaiting trial on criminal charges before the Circuit Court of Autauga County, Alabama. Second, enforcement of the law is an important state interest. Finally, Jackson may raise his claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision. In addition, if Jackson is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Exceptions to *Younger* abstention are permitted where (1) irreparable injury because of the prosecution is both "great and immediate," (2) the state law flagrantly and patently violates the Constitution of the United States, (3) there is a showing of bad faith or harassment, or (4) other unusual circumstances exist that require issuance of the requested relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972). But Jackson presents no credible basis to apply of these exceptions. The mere fact Jackson must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Finally, there is no evidence that the state laws under which Jackson has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Jackson's claims that question the validity of the pending criminal charges beause these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43–44. Equity,

comity, and federalism concerns require the court to abstain from considering Jackson's claims seeking declaratory or injunctive relief which would result in dismissal of the pending state criminal charges.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that **on or before September 14, 2018**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 31st day of August, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE